GEORGETOWN UNIVERSITY,
Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

and

John Banini, Intervenor.

No. 08–AA–1395.

District of Columbia Court of Appeals.

Argued Nov. 12, 2009.

Decided Dec. 17, 2009.

Jeffrey W. Ochsman, Washington, DC, for petitioner.

Douglas K. Allston, Jr., Greenbelt, MD, for intervenor.

Peter J. Nickles, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and David A. Hyden, Assistant Attorney General, filed a statement in lieu of brief, for respondent.

Before RUIZ and THOMPSON, Associate Judges, and NEBEKER, Senior Judge.

NEBEKER, Senior Judge:

Georgetown University petitions for review of the Compensation Review Board (CRB)'s affirmance of an Administrative Hearings Division (AHD) order granting intervenor John Banini temporary total disability benefits. Because the AHD incorrectly applied the treating-physician preference and the CRB affirmed based on a misperception of the AHD's fact-finding, we reverse and remand.

## I.

Banini, who had pre-existing spinal stenosis, injured his back lifting trash while at work for petitioner. Over the next year, Banini's back problems were diagnosed and treated by various physicians, including Curtis Whitehair, to whom petitioner referred Banini, and Sita Krishnamoorthy of Kaiser Permanente. Banini saw Krishnamoorthy and Whitehair at least seven times each, and saw Kaiser personnel at least sixteen times in all. An AHD administrative law judge (ALJ) granted Banini's subsequent claim for temporary total disability benefits. In so doing, she applied the preference that our law sometimes accords the opinion of a treating physician. After reviewing evidence including reports from Krishnamoorthy, Whitehair, and other physicians, the ALJ found "Dr. Krishnamoorthy's opinion ... cogent, unequivocal, and supported by the diagnostic evidence of record" and found "nothing in the record which warrants its disregard in favor of employer's IME," or independent medical examiner. "Thus," the ALJ wrote, she was adopting Krishnamoorthy's view "that any ongoing disab[i]lity sustained by claimant [was] causally related to his ... work related injury." Whitehair, by contrast, had concluded that Banini's ongoing problems stemmed from his underlying spinal stenosis. In affirming, the CRB stated that the ALJ had considered the "relative differences in [the two physicians'] relationship[s] with this patient" and called it "evident that the ALJ considered Dr. Whitehair's opinions" before "elect[ing] to accept the contrary opinion of Dr. Krishnamoorthy." This petition for review followed.

## II.

Our law prefers the opinion of a "treating physician" over that of a "non-treating physician[ ]," *Jackson v. District of Columbia Dep't of Emp. Servs.*, 979 A.2d 43, 49 (D.C.2009), that is, a "doctor[ ] who ha[s] been retained to examine the claimant solely for the purposes of litigation," *Lincoln Hockey v. District of Columbia Dep't of Emp. Servs.*, 831 A.2d 913, 919–20 (D.C.2003). We apply this preference because "the treating physician was not involved solely for the purposes of

litigation and thus perhaps is less apt, even if subconsciously, to be biased" and "because of the typically greater amount of time the [treating] doctor has worked with the patient." *Lincoln Hockey*, 831 A.2d at 919. Any physician not retained solely for litigation purposes may be a "treating physician," such that the ALJ is not required to identify a single "treating physician" and prefer the latter to all others. *See id.* at 919–20 (observing that "treating physician" is defined "by negation"); *Clark v. District of Columbia Dep't of Emp. Servs.*, 772 A.2d 198, 204 (D.C.2001) (noting that hearing examiner "had two treating physicians' opinions to consider").[1]

In this case, the evidence included the opinions of both Krishnamoorthy and Whitehair. Neither was retained solely for litigation purposes, and each spent considerable time with Banini. As between the two, the law recognized no preference.[2] The ALJ, however, found that only Krishnamoorthy was Banini's treating physician, accorded the preference for treating physicians to her views on causation, and disregarded Whitehair's views without explanation as simply those of an independent medical examiner. Affirming, the CRB stated inaccurately that the ALJ had weighed the two physicians' relationships with Banini, considered Whitehair's view, and chosen to accept Krishnamoorthy's opinion. In short, the ALJ misapplied the law, and the CRB was able to affirm only by restating the ALJ's reasoning as a legally correct one.

The CRB reviews AHD decisions for legal sufficiency, affirming a compensation order that is based on substantial evidence and in accordance with the law. D.C.Code § 32–1521.01(d) (2004). This court will overturn the CRB's decision if it is not in accordance with the law. *E.g., Golding–Alleyne v. District of Columbia Dep't of Emp. Servs.*, 980 A.2d 1209, 1212 (D.C.2009). In this case, the CRB altered the facts of the decision it reviewed, attributing to the ALJ reasoning that directly contradicted the ALJ's express analysis. Because the CRB's review is for legal sufficiency, its decision here was contrary to law. We reverse and remand so that the ALJ may reweigh the evidence, taking into account that Whitehair also was a treating physician, without according special preference to Krishnamoorthy over Whitehair.

In light of the foregoing, the decision on review of the CRB is hereby reversed and the case is remanded for proceedings consistent with this opinion.

---

1. Where there is testimony from both a treating physician and a physician retained solely for litigation purposes, the "precise nature of the 'preference'" is "not entirely clear," but the ALJ may reject the treating physician's testimony with a proper explanation. *Lincoln Hockey*, 831 A.2d at 920.

2. We have recently held in a different legal context that "whether a claimant has selected a treating physician ... (and, if so, who that physician is) is a question of fact" reviewable under a substantial-evidence standard. *Wiley v. District of Columbia Dep't of Emp. Servs.*, 984 A.2d 201, 205 (D.C.2009). Here, there was no evidence upon which the ALJ could find that Whitehair was retained solely for litigation purposes. Putting that determination aside, however, the ALJ of course retains the fact-finder's prerogative to weigh the two doctors' opinions and assess their credibility, subject again to review for substantial evidence.